IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RAYMOND MATHIS, #140252, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:16-CV-436-WHA |
| ) | |
| DR. W. RAHMIRE, ) | |
| a.k.a., DR. WILCOTT RAHMING, et al., ) | |
| ) | |
| Defendant. ) | |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Raymond Mathis ("Mathis"), an indigent state inmate, filed this 42 U.S.C. § 1983 action on June 14, 2016. After reviewing the complaint and finding deficiencies with the pleading as it related to Ms. Williams and Dr. Womble, the court determined that Mathis should be provided an opportunity to file an amendment to the complaint to correct such deficiencies. A detailed order was therefore issued explaining the deficiencies and providing Mathis specific instructions with respect to filing the amendment to his complaint. *Doc. No. 4* at 1-2. Mathis filed a response to this order on July 21, 2016 (Doc. No. 7) but failed to address the directives in the order regarding necessary information relative to Ms. Williams and Warden Womble. The court therefore entered an order on August 2, 2016 again directing Mathis to file an amendment to his complaint with respect to Ms. Williams and Warden Womble. *Doc. No. 8*. This order allowed Mathis until August 17, 2016 to file the amendment to his complaint. Thereafter, due to a change in Mathis'

address, the court extended the date for filing an amendment to the complaint until September 12, 2016. *Doc. No. 10*.

Mathis did not file an amendment to his complaint within the time allowed by the aforementioned orders. The court, however, recently determined that Mathis was not at the last address he provided for service.[1] Although under no obligation to do so, the court located Mathis, provided him a copy of the order entered on August 2, 2016 and granted him an extension until February 10, 2017 to file the requisite amendment to the complaint. *Doc. No. 11*. This order also required Mathis to "(i) show cause why he has failed to provide the court with his current address, and (ii) immediately inform the court and the defendants of any change in his address." *Id*. The order further advised Mathis that his "[f]ailure to provide a correct address to this court within ten (10) days following any change of address will result in the dismissal of this action." *Id*. Finally, the order also "**cautioned** [Mathis] that if he fails to file [the] amendment to his complaint Ms. Williams and Warden Womble will be dismissed as defendants and his case will proceed on his claims against the remaining defendants." *Id*.

As of the present date, Mathis has failed to file an amendment to his complaint as required by the orders of this court. Additionally, Mathis has failed to provide the court with his current address despite this court's express directive to do so and its admonishment that the failure to provide a correct address would result in the dismissal of this case. The court finds that any additional effort to have Mathis comply with the orders entered herein would be unavailing and a waste of scarce judicial resources. Based on the foregoing, the

---

[1] The last address provided by the plaintiff is the Bullock Correctional Facility.

court concludes that this case should be dismissed. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of the plaintiff to provide the court with his current address in compliance with an order of this court.

The plaintiff may file objections to the Recommendation on or before March 10, 2017. The plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which his objection is made. The plaintiff is advised that frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 22nd day of March, 2017.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE